**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| JAY LAUGHLIN, | )      3:14-cv-00051-RCJ-WGC |
| | ) |
|     Plaintiff, | )      **REPORT & RECOMMENDATION** |
| | )      **OF U.S. MAGISTRATE JUDGE** |
|     vs. | ) |
| | ) |
| U.S. POSTAL SERVICE, | ) |
| | ) |
|     Defendant. | ) |
| ——————————————— | ) |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se complaint (Doc. # 1-1). This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

After a thorough review, the court recommends that Plaintiff's application to proceed in forma pauperis be granted, that Plaintiff's complaint be filed, but that it be dismissed with prejudice.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.  2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions); *see also* LSR 1-1 ("[a]ny person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed in *forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit

---

[1]Refers to court's docket number.

disclosing the applicant's income, assets, expenses, and liabilities"). "'[T]he supporting affidavits [must] state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

From the application, it appears Plaintiff would not be able to pay the filing fee. Therefore, Plaintiff's application to proceed in forma pauperis should be granted.

## II. SCREENING OF COMPLAINT

### A. Standard

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less

2

stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint and Analysis**

Plaintiff is suing the U.S. Postal Service for alleged harassment. (Doc. # 1-1.) Plaintiff's complaint contains a single allegation in one sentence: "harassment for filing a case against the Reno Hilton." (Doc. # 1-1 at 4.) Plaintiff includes with his complaint a copy of an e-mail where he states his belief that the delivery of his "DirectExpress" card on January 26 may have been in an attempt to harass him because he filed a lawsuit against the Reno Hilton. (*Id.* at 5.) He then recounts what he contends is a "history of harassment by the post office," stating that he went four days without mail at a post office box and complained to a clerk who said there was no mail, but when he inquired of another postal clerk he was given a large box of mail and was told it had "crept" out of the mailbox. (*Id.*)

Here, Plaintiff has sued the U.S. Postal Service, and no individual defendant. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). The Federal Tort Claims Act waived the federal government's sovereign immunity for certain torts committed by federal employees, 28 U.S.C. **§** 1346; however, a

1    tort claimant can only sue the United States in federal court after exhausting administrative remedies

2    with the federal agency that is responsible for the injury. *See Johnson v. United States*, 704 F.3d 1431,

3    1442 (9th Cir. 1983). The exhaustion requirement goes to the court's subject matter jurisdiction, and

4    a failure to comply requires dismissal. *See Yacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir.

5    2006).

6         Even if Plaintiff had alleged he exhausted his administrative remedies so that he could pursue

7    a claim against the U.S. Postal Service under the Federal Tort Claims Act, the allegations underlying

8    his claim are simply untenable. Plaintiff references the mailing of a some sort of card from

9    DirectExpress. He states that he was told by DirectExpress that the card was mailed on January 6, and

10   he then cancelled it and it (the cancelled card) arrived on January 23, and then a few days later, on

11   January 26, a new card arrived. (Doc. # 1-1 at 5.) Plaintiff then makes a leap by concluding that the

12   delivery of this card somehow constitutes harassment because Plaintiff previously filed a lawsuit against

13   the Reno Hilton. (*Id.*) However, there is no logical connection between the delivery of the card and the

14   lawsuit against the Reno Hilton. Nor are there any facts that could permit the court to conclude that the

15   delivery of card has any link to harassment in any form.

16        Because this complaint is illogical and fails to state any claim for relief, the court recommends

17   that it be dismissed.

18                                    **III. RECOMMENDATION**

19        **IT IS HEREBY RECOMMENDED THAT**:

20        (1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED;**

21        (2) The Clerk of the Court be instructed to **FILE** the complaint (Doc. # 1-1). The movant herein

22   should be permitted to maintain this action to conclusion without the necessity of prepayment of fees

23   or costs or the giving of security therefor.  This order granting in forma pauperis status should not

24   extend to the issuance of subpoenas at government expense; and

25        (3) The complaint should be **DISMISSED WITH PREJUDICE**.

26        Plaintiff should be aware of the following:

27        1.        Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local

28   Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14)

days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   February 18, 2014.


_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE